854 F.2d 1316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jeffrey DOE, Maryland Association for Children and Adults
With Learning Disabilities, Inc., Plaintiffs-Appellants,
v.
Charles HEATHERLY, Acting Administrator, United States Small
Business Administration, in his official capacity, Wilfredo
J. Gonzales, Associate Administrator for minority Small
Business and Capital Ownership Development, United States
Small Business Administration, in his Official Capacity,
Defendants-Appellees.
 No. 87-3180.
 United States Court of Appeals, Fourth Circuit.
 Argued May 2, 1988.
Decided Aug. 5, 1988.
 
 Leslie Margolis (Steven Ney, Andrew S. Penn, Maryland Disability Law Center on brief) for appellant.
 Joyce K. McKee, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, Eric S. Benderson, Associate General Counsel for Litigation, Small Business Administration on brief) for appellees.
 Before HARRISON L. WINTER, Chief Judge, MURNAGHAN, Circuit Judge, and NORMAN P. RAMSEY, United States District Judge for the District of Maryland.
 PER CURIAM:
 
 
 1
 Plaintiff Jeffrey Doe, a learning disabled general contractor, sought a declaratory judgment, an injunction, monetary damages and attorney's fees, alleging that the Small Business Administration (SBA) improperly denied him certification in SBA's program for socially and economically disadvantaged persons authorized by 15 U.S.C. Sec. 637(a) (hereafter termed the "Sec. 8(a) program"). Joining with Doe as an additional plaintiff was Maryland Association of Children and Adults with Learning Disabilities. Plaintiffs alleged that SBA's denial was arbitrary and capricious, violated the due process clause of the Fifth Amendment to the Constitution, and violated the provisions of 29 U.S.C. Sec. 794 which prohibits discrimination in any federal program because of the handicap of a qualified individual.
 
 
 2
 The district court gave summary judgment to defendant. It ruled, on facts not in dispute, that plaintiff Doe had no constitutional right to participate in the Sec. 8(a) program and that he had been afforded procedural due process in the administrative proceedings culminating in the denial of the certification he sought. It also ruled that Doe had not shown that SBA acted arbitrarily or capriciously. Finally it held that SBA had not violated 29 U.S.C. Sec. 794,[1] because Doe did not successfully demonstrate that he was "otherwise qualified" for participation in the Sec. 8(a) program, and, even if he were, the nature of his handicap was not such that he suffered discrimination by SBA attributable to his handicap.
 
 
 3
 We agree with the result reached by the district court and its opinion with respect to plaintiffs' claim that Doe's substantive and procedural due process rights were denied and plaintiffs' claim that SBA had acted arbitrarily and capriciously. With regard to plaintiffs' claim of violation of 29 U.S.C. Sec. 794, we agree with the district court that the undisputed facts do not show that Doe is "otherwise qualified" for the Sec. 8(a) program. Not possessing a disability presumed to result in social disadvantage, see 13 C.F.R. Sec. 124.1-1(c)(3)(ii)(1986), Doe failed to prove that he has been "subjected to racial or ethnic prejudice or cultural bias because of [his] identity as a member of a group without regard to [his] individual qualities." 13 C.F.R. Sec. 124.1-1(c)(3)(i)(1986). We express no view as to whether, if Doe were "otherwise qualified," the denial of certification to participate in the Sec. 8(a) program would constitute discrimination outlawed by Sec. 794.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 In pertinent part, Sec. 794 provides that "[n]o otherwise qualified individual with handicaps ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity ... conducted by any Executive agency